UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOOD SAVED ME, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 3:23-cv-2200 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| DANIELLE WALKER, individually and | ) | |
| d/b/a DANIELLE WALKER ENTERPRISES, | ) | |
| and AGAINST ALL GRAIN, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORIGINAL COMPLAINT

Plaintiff Food Saved me, LLC, by and through its undersigned counsel, files this Original Complaint against Danielle Walker, individually and d/b/a as Danielle Walker Enterprises, and Against All Grain, LLC (collectively "Defendants") and alleges:

## PARTIES

1.     Plaintiff Food Saved Me, LLC ("FSM" or "Plaintiff"), is a Texas limited liability company having a principal place of business at 5316 Bransford, Ste B, Colleyville, Texas 76034. FSM was formed in 2014   While based in Texas, FSM conducts training for healthcare professionals, cancer patients and the public, in the field of nutrition in several states outside of Texas. These include written and printed handouts with nutrition information and recipes.

**ORIGINAL COMPLAINT**                                                                                     1

2.      Upon information and belief, Defendant Danielle Walker ("Walker" or "Defendant") is an individual residing in or near Alamo, California with a mailing address of P.O. Box 523, Alamo, California 94507.

3.      Upon information and belief, Defendant Danielle Walker ("Walker" or "Defendant") does business as Defendant Danielle Walker Enterprises, in Alamo, California having a mailing address of P.O. Box 523, Alamo, California 94507.

4.      Upon information and belief, Defendant Against All Grain, LLC is a Delaware Limited Liability Company with a principal place of business in California, having a mailing address of P.O. Box 860, Alamo, California 94507.

5.      Upon information and belief, Defendants Danielle Walker and Danielle Walker Enterprises may be served through counsel W. E. Whittington, Whittington Law Associates, PLLC, 10 Balch Hill Lane, Hanover, NH  03755.

6.      Upon information and belief, Against All Grain can be served via its registered agent for service Northwest Registered Agent Service, Inc., 8 The Green, Suite B, Dover, Delaware 19901.

7.      Upon information and belief, Defendants offer or have offered for sale and have sold books and provide information online via various websites controlled by Defendants, including www.foodsavemebook.com and www.daniellewalker.com.

## <u>JURISDICTION AND VENUE</u>

8.      Subject matter jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. § 1121 of the Lanham Act.  The Court therefore has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367 and 1338.

**ORIGINAL COMPLAINT**                                                                                               2

9.      This Court has personal jurisdiction over Defendants in this action because, upon information and belief, Defendant Walker, Defendant Danielle Walker Enterprises and Defendant Against All Grain, among other things, sell and offer for sale goods in retail outlets throughout Texas and within this judicial district that infringe Plaintiff's registered and common law trademark rights under the Lanham Act. including goods that compete with FSM, have and continue to be advertised and offered within Texas and this judicial district.  Furthermore, upon information and belief, Defendants have conducted business in this state, including at least a portion of the infringement alleged herein and are regularly doing or soliciting business, and engaging in other persistent courses of conduct.  Finally, acts of offering for sale and selling infringing goods services have occurred, and continue to occur, in the State of Texas causing FSM harm in this judicial district.

10.     Venue is proper in this District under 28 U.S.C. §1391 because Defendants' unlawful acts of unfair competition and trademark infringement have occurred, and will continue to occur, in this judicial district.

## **FACTUAL BACKGROUND**

11.     FSM was founded by Katherine Lawrence and provides counseling, class curriculums, a book and instruction in the area of nutrition. Lawrence is renowned for nutrition classes and curriculums. Lawrence has been featured in best-selling books on nutrition and health authored by Rip Esselstyn and Dr. Neal Barnard.  Lawrence has also taught Dr. T. Colin Campbell's Cornell University program for nutrition, which is the only training curriculum of its kind that is certified for medical professional CEUs.  FSM provides nutrition training and/or counseling for healthcare professionals, corporate wellness, cancer patients and the public throughout the United States.

12.     FSM is the owner of all right, title and interest of U.S. Trademark Registration No. 6,863,411 ("the '411  Trademark") for the standard character trademark FOOD SAVED ME.  The '411 Trademark is used in connection with nutritional counseling services in International Class 044.  The '411 Trademark registered on October 4, 2022 and FSM or its predecessor has been using the mark in commerce since as early as on or about June 15, 2015.  A copy of the '411 Trademark issued by the United States Patent & Trademark Office ("USPTO") is attached hereto as Exhibit A.

13.     FSM established and developed common law trademark rights by virtue of use of the trademark FOOD SAVED ME in connection with nutrition training and/or counseling for healthcare professionals, corporate wellness, cancer patients and the public beginning on or about June 15, 2015.

14.     FSM operates the website www.foodsavedme.com, and purchased the domain name on or about April 27, 2014.

15.     Through the FSM website, FSM offers various information and advice in the area of nutrition.  Among other things, FSM provides information regarding upcoming events and classes and offers others the opportunity to become certified nutrition class instructors.

16.     At least one of Defendant Walker, Danielle Walker Enterprises ("DRE") or Against All Grain ("AAG") registered or caused to be registered the website www.foodsavedmebook.com on February 10, 2021.   Upon information and belief, Defendant Walker purchased foodsavedmebook.com after learning at that time that the domain foodsavedme.com owned by Plaintiff was unavailable.

17.     Among other things, Defendant Walker, individually and/or through Danielle Walker Enterprises    and/or    Against    All    Grain    operate    various    websites,    including

www.daniellewalker.com and www.foodsavedmebook.com. Through one or more of these websites, Defendants offer various goods, services and information relating to nutrition and health.

18.     Defendants, either individually, or in concert, have caused users entering the domain name www.foodsavedmebook.com to be redirected to Defendants' www.daniellewalker.com website.

19.     The website www.foodsavedmebook.com operated, for among other things, to offer for sale and sell Defendant Walker's book *Food Saved Me.* An excerpt from website www.foodsavedmebook.com operated by one or more Defendants is provided as Exhibit B.

20.     The website www.daniellewalker.com operated by one or more Defendants offers various information regarding nutrition and recipes. Defendant Walker's book *Food Saved Me* and various items bearing the term "Food Saved Me" are offered for sale through the website. These items include hoodies and tank top shirts. An excerpt from the daniellewalker.com website is provided as Exhibit C.

21.     The daniellewalker.com website also includes a portal through which users may enroll in a nutritional course "Eat Well Feel Great" provided by Defendant Walker, referred to as a health-focused digital cooking course. The enrollment page and excerpts from the Daniellewalker.com website is provided as Exhibit D.

22.     Internet users entering "www.foodsavedmebook.com" as a URL are directed to the daniellewalker.com website.

23.     On or about September 14, 2021, Defendant Walker's book *Food Saved Me* published.

24.     Defendant Walker, alone or in concert with Defendants DWE and AAG, began offering for sale and selling the book *Food Saved Me* ("the Book") via the foodsavedmebook.com website. Upon information and belief, such sales or offers for sale began on or about September 14, 2021.

**ORIGINAL COMPLAINT**                                                                                          5

25.     Defendant Walker, alone or in concert with Defendants DWE and AAG, sells the Book at or via various brick and mortar retail outlets, including Barnes and Noble Booksellers.   On September 27, 2023, the Book was in stock at thirteen (13) Barnes and Noble stores within one hundred miles of the Dallas-Fort Worth Area alone and at many more Texas Barnes and Noble locations.   An excerpt from the website barnesandnoble.com depicting which stores in proximity to the DFW area is provided as Exhibit E.

26.     According to at least one source, Barnes and Noble has approximately 585 locations in the United States in 49 states and territories.   Texas is the home to forty five (45)  Barnes and Noble stores, second only to California's sixty eight.   Thus, eight percent of Barnes and Noble stores in the United States are located in Texas.   An excerpt from the website www.scraphero.com depicting information concerning the number of Barnes and Noble stores located in various states, including Texas, by number and percentage, is provided as Exhibit F.

27.     Defendants have unlawfully used the '411 Trademark in connection with its various goods and services, including but not limited to the Book, the foodsavedmebook.com website, the daniellewalker.com website and on various goods sold by Defendants via those websites and otherwise that bear or use a trademark, logo, title or domain name that is confusingly similar to the '411 Trademark and likely to cause consumer confusion between Plaintiff and Defendants as to the source or sponsorship of the parties' respective goods or services.   Further, Defendants' use of domains, titles and trademarks that are confusingly similar to the '411 Trademark creates among consumers an impression of false endorsement by Plaintiff of Defendants' goods or services.   Thus, the Book, the foodsavedmebook.com and daniellewalker.com websites (with the former website redirecting users to the latter) and products marked with "Food Saved Me" infringe the '411 Trademark.

**ORIGINAL COMPLAINT**                                                                                                    6

28.      Upon information and belief, when one or more of Defendants attempted to purchase the foodsavedmebook.com domain, it knew or should have known that Plaintiff's domain foodsavedme.com was unavailable and owned by Plaintiff.  Instead of opting for a different domain that doesn't include the root phrase "food saved me", Defendants chose to leverage Plaintiff's '411 Trademark and use it as its own.  With knowledge that Plaintiff used the mark "Food Saved Me" in connection with nutritional services, Defendants leveraged the '411 Mark to create a false association between it and Plaintiff as the source of nutritional counseling services, the Book, the foodsavedmebook.com and Daniellewalker.com websites, and various goods sold via those websites bearing a mark confusingly similar to the '411 Trademark.

29.      Due to the good will and notoriety Plaintiff's services in the form of classes, curriculums, certifications to teach and recipes have achieved under the '411 Trademark, at least two individuals have expressed actual confusion to Plaintiff concerning Defendants' use of "Food Saved Me" as the title of the Book, inquiring whether Lawrence was somehow associated with the Book.

30.      Upon information and belief, once Defendants were aware that the domain www.foodsavedme.com was not available to Defendants, a simple trademark search would have revealed that the '411 Trademark was in use by Plaintiff in connection with services virtually identical to Defendants' services.

31.      Defendants' advertising via the foodsavedmebool.com and the Daniellewalker.com websites use marks and domains that are confusingly similar to Plaintiff's '411 Trademark.  Below is a screenshot showing that on or about March 5, 2023, Defendants caused the URL www.foodsavedmebook.com to redirect to of Defendants' website www.daniellewalker.com, Exhibit G:

**ORIGINAL COMPLAINT**                                                                 7



32.     Defendants' also promote the Book via the YouTube channel operated by one or more Defendants, found at www.youtube.com/@Againstallgrain/videos.   On the YouTube channel, Defendants promote and advertise the release of the Book by making videos available of various release parties for the Book and a trailer of the book.   Examples from Defendants' YouTube channel content are provided as Exhibit J.   Defendants' release party videos are found on the Internet at https://www.youtube.com/watch?v=i9VYRDWBb0g and https://www.youtube.com/watch?v=9GSbU6cPOmU and Defendants' trailer for the Book is found at https://www.youtube.com/watch?v=_8crp8DF2Iw

33.     Upon information and belief, Defendant Walker is a contributor or consultant to Lifetime Fitness, providing nutritional advice to Lifetime Fitness members.

34.     According to Lifetime Fitness' website www.lifetime.life, Lifetime Fitness operates more health clubs in Texas than in any other state.

35.     Defendants Walker and Against All Grain, LLC were notified of their infringement of the Food Saved Me trademark by letter on or about April 29, 2022 and September 9, 2022.

36.     Defendants' use of Plaintiff's '411 Trademark has caused actual confusion concerning the source, endorsement and/or sponsorship of Plaintiff's and Defendants' respective goods or services.

37.     Defendants' use of Plaintiff's '411 Trademark is without consent, permission or license by Plaintiff.

38.     Defendants' actions have damaged Plaintiff in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT ONE
### (Unfair Competition Under 15 U.S.C. §1125(a)(1)(A))

39.     FSM realleges and incorporates by reference the allegations in Paragraphs 1-38 above.

40.     FSM owns the '411 Trademark.

41.     The '411 Trademark is registered with the United States Patent and Trademark Office.

42.     The '411 Trademark is a valid and subsisting trademark in full force and effect.

43.     Defendants have willfully and knowingly used, and continue to use, the '411 Trademark in commerce for purposes of selling goods and services without FSM's consent.

44.     Defendants' unauthorized use of the '411 Trademark in connection with nutritional information services in the form of the Book, the foodsavemebook.com and daniellewalker.com websites, Defendants' YouTube channel, and products marked with the term "food saved me" offered for sale, sold or caused to be offered for sale or sold by Defendants is likely to cause confusion, and have caused confusion, or mistake, or deceive customers as to the source, affiliation, connection, endorsement or association between FSM and one or more of Defendants.

45.      Defendants through their actions also misrepresent the origin of Defendants' Food Saved Me Book and/or nutritional services promoted, or goods sold via their www.foodsavedme.com and www.daniellewalker.com websites, and Defendants' YouTube channel because consumers are likely to believe, and in fact have thought, that such products originate with FSM, endorsed by FSM or are somehow affiliated with FSM, and vice versa.

46.      Defendants' services, websites, products and the Food Saved Me book are not in fact affiliated with, connected with, endorsed by or associated with Plaintiff, and vice versa.

47.      Defendants use of the '411 Trademark infringes on FSM's trademark rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

48.      On information and belief, Defendants acted deliberately and willfully in an attempt to trade upon the goodwill associated with FSM and the '411 Trademark.

49.      As a proximate result of Defendants' actions, FSM has suffered damages as a result of Defendants' actions in an amount to be proven at trial.

50.      FSM has suffered, and continues to suffer, irreparable harm which has no adequate remedy at law to fully compensate the damage caused FSM and which will continue unless Defendants' misconduct is preliminarily and permanently enjoined.

51.      This is an exceptional case under 15 U.S.C. § 1117 based on Defendants' willful infringement and Plaintiff should be awarded treble damages and attorneys' fees.


**COUNT TWO**
**(Trademark Infringement Under 15 U.S.C. §§1114 and 1125(a)(1)(A)**

52.      FSM realleges and incorporates by reference the allegations in Paragraphs 1-51 above.

53.     Defendants have willfully and knowingly used, and continue to use, the '411 Trademark in commerce for purposes of selling goods and services without FSM's consent.

54.     Defendants' unauthorized use of the '411 Trademark in connection with nutritional counseling and information and goods is likely to cause confusion among consumers as to the affiliation, connection or association between FSM and Defendants.

55.     Defendants' actions also misrepresent the origin of Defendants' Food Saved Me Book and/or nutritional services promoted, or goods sold via their www.foodsavedme.com and www.daniellewalker.com websites, and Defendants' YouTube channel because consumers are likely to believe, and in fact have thought, that such goods or services originate with FSM or are somehow affiliated with, sponsored by, or endorsed by FSM, and vice versa.

56.     Defendants' services, websites, products, the Food Saved Me book and Defendants' YouTube channel are not in fact affiliated, with, connected with, endorsed by or associated with Plaintiff, and vice versa.

57.     Defendants' use of the '411 Trademark constitutes trademark infringement under the Lanham Act, 15 U.S.C. §1114(1) and §1125(a)(1)(A).

58.     On information and belief, Defendants acted deliberately and willfully in an attempt to trade upon the goodwill associated with FSM and the '411 Trademark.

59.     As a proximate result of Defendants' actions, FSM has suffered, and continues to suffer, irreparable harm which has no adequate remedy at law to fully compensate the damage caused FSM and which will continue unless Defendants' misconduct is preliminarily and permanently enjoined.

60.     FSM has suffered damages as a result of Defendants' actions in an amount to be proven at trial.

**ORIGINAL COMPLAINT**                                                                                    11

61.      This is an exceptional case under 15 U.S.C. § 1117 and FSM should be awarded treble damages and attorneys' fees.

## COUNT THREE
### (Texas Common-Law Trademark Infringement)

62.      FSM realleges and incorporates by reference the allegations in paragraphs 1-61 above.

63.      FSM's FOOD SAVED ME Trademark is inherently distinctive.

64.      The phrase "Food Saved Me" used as the title of the Book by Defendants' and on the www.foodsavedme.com and www.daniellewalker.com websites operated by Defendants in connection with nutritional information and counseling infringes FSM's common law trademark rights in that it is confusingly similar to FSM's use of its '411 Trademark and the FOOD SAVED ME trademark, in meaning and overall impression and is similar in appearance and pronunciation.

65.      The services offered in connection with both FSM  and Defendants are very similar if not identical.

66.      There is a likelihood of confusion between FSM's FOOD SAVED ME trademarks and the Book title *Food Saved Me* and domain name www/foodsavedmebook.com, in that customers and potential customers of FSM are likely to be confused, and in fact have been confused, into believing that Defendants' Book, websites and services are affiliated with FSM.

67.      As a proximate result of Defendants' actions, FSM has suffered injuries and damages resulting from Defendants' use of a confusingly similar mark.

68.      FSM has suffered actual damages as a result of Defendants' unfair competition in an amount to be proven at trial.

**ORIGINAL COMPLAINT**                                                                                                    12

69.     FSM has suffered, and continues to suffer, irreparable harm which has no adequate remedy at law to fully compensate the damage caused FSM and which will continue unless Defendants' misconduct is preliminarily and permanently enjoined.

## COUNT FOUR
### (Texas Common-Law Unfair Competition)

70.     FSM realleges and incorporates by reference the allegations in paragraphs 1-69 above.

71.     Defendants' above-described misconduct is likely to result in confusion, or mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of its commercial activities by FSM.

72.     By engaging in these activities, Defendants have engaged in unfair competition under the common law.

73.     As a proximate result of Defendants' actions, FSM has suffered actual damages as a result of Defendants' unfair competition in an amount to be proven at trial.

74.     FSM has suffered, and continues to suffer, irreparable harm which has no adequate remedy at law to fully compensate the damage caused FSM and which will continue unless Defendants' misconduct is preliminarily and permanently enjoined.

## COUNT FIVE
### (Dilution of Trademark Rights – Tex. Bus. & Com. C. § 16.103 and 17.46)

75.     FSM realleges and incorporates by reference the allegations in paragraphs 1-74 above.

76.     Defendants have made significant use of marks that are very similar to FSM's Trademark, including the Food Saved Me® trademark.

**ORIGINAL COMPLAINT**                                                                           13

77.      Defendants' unauthorized use of marks which are very similar to FSM's Trademarks, including the '411 Trademark, dilutes or lessens the '411 Trademark's capacity to FSM's services.

78.      As a proximate result of Defendants' actions, FSM has suffered actual damages as a result of Defendants' unfair competition in an amount to be proven at trial.

79.      Defendants' acts as described above constitute dilution and dilute the distinctive quality of the '411 Trademark, resulting in damage to Plaintiff, to its business reputation, to the uniqueness and individuality of the '411 Trademark, and to the substantial business and goodwill symbolized by the '411 Trademark in violation of Texas's Anti-Dilution Statute, Tex. Bus. & Com. Code §16.29.

80.      FSM has suffered, and continues to suffer, irreparable harm which has no adequate remedy at law to fully compensate the damage caused FSM and which will continue unless Defendants' misconduct is preliminarily and permanently enjoined.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Food Saved Me, LLC hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Honorable Court enter preliminary and final orders and judgments against Defendants as are necessary to provide Plaintiff with the following relief:

    A.      Enter judgment that:

        i.      Defendants have engaged in unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

        ii.      Defendants have engaged in trademark infringement in violation

of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

    iii.    Defendants have engaged in trademark infringement under the common law;

    iv.    Defendants have willfully and deliberately blurred Plaintiff's FOOD SAVED ME trademark in violation of Tex. Bus. & Com. C. §§ 16.103, 17.46;

    v.    Defendants have engaged in unfair competition under the common law;

B.    Grant a preliminary and permanent injunction enjoining Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting through, under or in active concert or in participation with Defendants from using the phrase "FOOD SAVED ME" and any other confusingly similar mark on the Book, websites, as domain names, and/or on or in connection with goods or services that is likely to cause consumer confusion; and

C.    Award:

    i.    Damages sustained by FSM pursuant to 15 U.S.C. § 1117(a)(2) and as otherwise permitted by law;

    ii.    FSM's costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a)(3) and as otherwise permitted by law;

    iii.    Prejudgment and post-judgment interest;

    iv.    Defendants' profits pursuant to 15 U.S.C. § 1117(a)(1); and

    v.    Any other relief, in law and in equity, to which the Court finds Plaintiff justly entitled.

Date: October 4, 2023                          Respectfully submitted,


                                                 _/s/Gregory Perrone_
                                               Gregory Perrone
                                               State Bar No. 24048053
                                               perrone@braxtonperrone.com
                                               BRAXTON PERRONE, PLLC
                                               2201 Spinks Rd., Suite 154
                                               Flower Mound, Texas 75022
                                               Telephone: (469) 814-0028
                                               Facsimile: (469) 814-0023


                                               **Counsel for Plaintiff**
                                               **Food Saved Me, LLC**